IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| REBECCA DUNCAN, et al.,<br><br>**Plaintiffs,**<br><br>v.<br><br>**NORFOLK SOUTHERN RAILWAY CO.,**<br><br>**Defendant.** | Case No. 25-CV-00101-SPM |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

This matter comes before the Court for consideration of Defendant Norfolk Southern Railway Co.'s ("Norfolk's") Motion to Dismiss (Doc. 7) for lack of personal jurisdiction under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3), or, in the alternative, transfer pursuant to 28 U.S.C. § 1631. Having been fully informed of the issues presented, this Court **DENIES** Norfolk's Motion to Dismiss.

**RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

On January 24, 2025, Plaintiffs, residents of Ohio, filed a six-count Complaint against Norfolk, alleging damages arising from a train derailment that occurred in East Palestine, Ohio, on or about February 3, 2023. (Doc. 1). Plaintiffs allege property damage to their homes in East Palestine arising from the train derailment. (*See id.*). On February 13, 2025, Norfolk filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3), or, in the alternative, transfer the case

pursuant to 28 U.S.C. § 1631, and a supporting memorandum. (Docs. 7–8). On March 13, 2025, Plaintiffs filed their response. (Doc. 12). On March 27, 2025, Norfolk filed its reply. (Doc. 15). The Court heard oral arguments from the parties on April 16, 2025. (Doc. 16).

APPLICABLE LAW AND LEGAL STANDARDS

**I.     Jurisdiction**

A motion to dismiss under Rule 12(b)(2) challenges whether the Court has jurisdiction over a party. FED. R. CIV. P. 12(b)(2). The party asserting jurisdiction has the burden of proof. *Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010). The Court may consider affidavits and other competent evidence submitted by the parties. *Purdue Research Found. v. Sanofi–Synthelabo, S.A.*, 338 F.3d 773, 782–83 (7th Cir. 2003). If the Court rules on the motion without a hearing, the plaintiff need only establish a prima facie case of personal jurisdiction as the Court will "read the complaint liberally, in its entirety, and with every inference drawn in favor of" the plaintiff. *GCIU–Emp'r Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1020 n.1 (7th Cir. 2009); *Cent. States, Se. & Sw. Areas Pension Fund v. Phencorp Reinsurance Co.*, 440 F.3d 870, 878 (7th Cir. 2006) (quoting *Textor v. Bd. of Regents of N. Ill. Univ.*, 711 F.2d 1387, 1393 (7th Cir. 1983)). "[O]nce the defendant has submitted affidavits or other evidence in opposition to the exercise of jurisdiction," however, "the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." *Purdue*, 338 F.3d at 783. Any dispute concerning relevant facts is resolved in the plaintiff's favor. *Id.* at 782–83.

A federal court sitting in diversity looks to the personal jurisdiction law of the state in which the court sits to determine if it has jurisdiction. *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997). Therefore, this Court will apply Illinois law. Illinois law states that a court has personal jurisdiction over a defendant if an Illinois statute grants personal jurisdiction, and if the exercise of personal jurisdiction is permissible under both the Illinois and United States Constitutions. *Id.* at 1276. The Illinois long-arm statute permits courts to exercise jurisdiction on any basis permitted by the United States Constitution and the Illinois State Constitution. ILL. COMP. STAT. 5/2-209(c). Therefore, this Court will only have jurisdiction over a defendant if such jurisdiction is permitted by federal and state constitutional standards. The Seventh Circuit Court of Appeals has stated "that there is no operative difference between the limits imposed by the Illinois Constitution and the federal limitations on personal jurisdiction." *Hyatt Intern. Corp. v. Coco*, 302 F.3d 707, 715 (7th Cir. 2002) (citing *RAR*, 107 F.3d at 1276)). Thus, if defendant's contacts with Illinois are sufficient to satisfy the requirements of federal due process, then the requirements of the Illinois long arm statute and the Illinois Constitution have been satisfied.

## II.    Transfer

Whenever a court "finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed or noticed." 28 U.S.C. § 1631. Thus, this statute only applies if the Court finds that it

lacks jurisdiction. Should the Court find a want of jurisdiction, it may then use its discretion to transfer a case to another district. "Since the term interests of justice is vague, district courts have a good deal of discretion in deciding whether to transfer a case." *Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999).

## ANALYSIS

### I. General Jurisdiction

General jurisdiction exists only when the defendant's affiliations with the state in which the suit is brought are "so 'continuous and systematic' as to render [it] essentially at home in the forum state." *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). Normally, corporations are considered "at home" in the state of their incorporation or their principal place of business. *Id.* at 118. Only in an exceptional case can a court exercise general jurisdiction in a forum that is not "the corporation's place of incorporation [or] its principal place of business." *BNFS Ry. Co. v. Tyrell*, 581 U.S. 402, 413 (2017).

In support of its motion, Norfolk provided an Affidavit from Joseph C. Wolfe, Corporate Secretary. (Doc. 8, Ex. B). Within the Affidavit, Wolfe declares that Norfolk is organized under the laws of the Virginia and is headquartered in Georgia. (*Id.*, p. 1). Therefore, this Court can only maintain jurisdiction over Norfolk if this is an "exceptional case" where Norfolk contacts with Illinois are so "continuous and systematic" as to render it essentially "at home" in Illinois. Wolfe avers that Norfolk and its subsidiaries generated approximately 4.46% of its total revenue in the State

of Illinois. (*Id.*, p. 2). It compensated 1,106 employees in Illinois, or approximately 5.4% of their total workforce. (*Id.*). Norfolk compensated more employees in seven other states. (*Id.*). Norfolk is not so heavily engaged in activity in Illinois "as to render [it] essentially at home" in that State. *See Daimler*, 571 U.S. at 127 (internal quotation marks omitted). "A corporation that operates in many places can scarcely be deemed at home in all of them." *Id.* at 140, n.20. The Affidavit is unrebutted. Plaintiffs do not provide any evidence, contradictory or otherwise. Norfolk is not incorporated in Illinois, does not maintain its principal place of business there, and Norfolk's Illinois employees do not comprise a lion's share of its overall employment. Accordingly, this is not an "exceptional case" establishing general jurisdiction. *Tyrell*, 581 U.S. at 413.

## II.   Specific Jurisdiction

To satisfy federal due process standards for specific personal jurisdiction, a plaintiff must establish three "essential requirements." *Lexington Ins. Co. v. Hotai Ins. Co.*, 938 F.3d 874, 878 (7th Cir. 2019). First, the defendant must have sufficient minimum contacts to show it purposefully availed itself of the privilege of conducting business in the forum state or purposefully directed its activities at the forum state. *Id.* at 878. The "essential point" of this first requirement "is to 'ensure that an out-of-state defendant is not bound to appear to account for merely "random, fortuitous, or attenuated contacts" with the forum state.'" *Id.* at 398 (quoting *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1071 (10th Cir. 2008)). Indeed, "[d]ue process requires that 'potential defendants should have some control over—and

certainly should not be surprised by—the jurisdictional consequences of their actions.'" *Illinois v. Hemi Grp. LLC*, 622 F.3d 754, 758 (7th Cir. 2010) (quoting *RAR*, 107 F.3d at 1278)).

Second, the plaintiff's alleged injury must arise out of the defendant's contacts with or activities in the forum state. *Lexington*, 938 F.3d at 878. Put another way, the defendant's contacts with the forum state must be "suit related," creating a connection between the forum state and the claims of the plaintiff. *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 801 (7th Cir. 2014); *Bristol-Myers Squibb Co. v. Superior Ct. of Cal.*, 582 U.S. 255, 264–65 (2017)). It insufficient that the defendant's conduct merely affected a plaintiff with connections to the forum state. *Advanced Tactical*, 751 F.3d at 801 (quoting *Walden v. Fiore*, 571 U.S. 277, 291 (2014)). Again, it is the defendant's own contacts with the forum state that matter, and "[c]ontacts between the plaintiff or other third parties and the forum [state] do not satisfy this requirement." *See id.* (quoting *Walden*, 571 U.S. at 284–85; *see also Castelaz v. Estée Lauder Cos., Inc.*, 2024 WL 136872, *3 (N.D. Ill. Jan. 10, 2024) ("While 'a defendant's contacts with the forum State may be intertwined with his transactions or interactions with the plaintiff or other parties,' its 'relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction.'").

Third, the Court's exercise of specific personal jurisdiction must comport with traditional notions of fair play and substantial justice. *Lexington*, 938 F.3d at 878. When assessing this third requirement, the Court considers the burden on the

defendant, the forum state's interest in adjudicating the parties' dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in the most efficient resolution of the parties' dispute, and the shared interest of the States in advancing fundamental substantive social policies. *Purdue*, 338 F.3d at 781. If the defendant's contacts with the forum state are weak, then these considerations may counsel in favor of an exercise of specific personal jurisdiction. *Id*. Conversely, the plaintiff's threshold showing of sufficient minimum contacts is generally only defeated when "the defendant presents 'a compelling case that the presence of some other considerations would render [specific personal] jurisdiction unreasonable.'" *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985)).

Examining the first factor, Norfolk's contacts with Illinois are not random, fortuitous, or attenuated. Norfolk voluntarily used the state's trackage and assumed control of the train in Illinois. (*See* Doc. 12-1, p. 3–4). Moreover, as discussed *supra* with respect to general jurisdiction, Norfolk employs over 1,000 employees and generates over four percent of its overall revenue from activities in the state of Illinois. (Doc. 8, Ex. B, p. 1). As Norfolk voluntarily conducts business in Illinois, it follows that its contacts are purposeful, and not random, fortuitous, or attenuated. *See uBID, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421, 428–29 (7th Cir. 2010) ("GoDaddy is aware that it earns many millions of dollars annually from Illinois customers, and it cannot be unhappy to have had such success in the state. Its contacts cannot fairly be described as random, fortuitous, or attenuated."). As the Seventh Circuit stated in

*uBID, Inc.*, "[w]hat matters is that [the defendant] purposefully availed itself of the Illinois market for its services through its deliberate and continuous exploitation of that market." *Id.* at 429. Norfolk's employees and revenue derived from activity in Illinois demonstrate its purposeful contact with the state. Therefore, the first factor is satisfied and points in favor of this Court's specific personal jurisdiction.

Turning to the second factor, Norfolk argues that Plaintiffs have not alleged that their claims for property damage arise out of any of Norfolk's activity in Illinois, nor have they alleged any negligent conduct attributable to Norfolk in Illinois. (Doc. 8, p. 4). Plaintiffs respond by arguing that Norfolk committed tortious acts and omissions in Illinois giving rise to the alleged damages. (Doc. 12, p. 9). The Court determines that the second factor weighs in favor of Plaintiffs. While Norfolk is correct that the complaint alleges that the derailment and ensuing damages occurred outside of Illinois, its argument that Plaintiffs have not alleged any negligent conduct in Illinois is misplaced. Plaintiffs allege in their complaint that "[Norfolk] knew or should have known of the dangers of the failure to operate, maintain, inspect, and repair their railway and Train 32N in a reasonable manner and that failure could reasonably lead to a breach of this duty resulting in the damages incurred by the Plaintiffs." (Doc. 1, p. 11). Plaintiffs further allege that "[Norfolk] breached their duty of care to Plaintiffs by their failure to . . . [o]perate, maintain, inspect, and/or repair the railway and railcars in such a way as to ensure their safe and proper operation during the ordinary course of business, particularly while transporting toxic and hazardous material." (*Id.*, p. 12). Specifically, Plaintiffs allege that "there had been

widespread concerns that night among those working on Train 32N regarding the train's excessive length and weight – approximately 151 cars, 9,300 feet long, and 18,000 tons." (*Id.*, p. 4). They also allege that "Train 32N was backloaded with 40% of its weight, the heaviest tanker cars, at the rear" and that Norfolk "was aware of the increased risks of a dangerous event occurring with Train 32N prior to its derailment." (*Id.*). Plaintiffs tie these facts to its claim of negligence by stating that "[a]ll of these factors contributed to both the initial breakdown and the Derailment." (*Id.*). It is undisputed that Norfolk assumed control of Train 32N in Madison, Illinois, where it departed for Ohio by way of Decatur, Illinois. (*See* Doc. 12, Ex. A, pp. 3–5). It follows that Plaintiffs have alleged that Norfolk committed tortious conduct by failing to properly inspect said train for defects in southern Illinois. The Supreme Court, in *Walden v. Fiore*, 571 U.S. 277, 289 (2014), stated that "[t]he proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." In other words, the critical question is whether the conduct giving rise to the lawsuit occurred in the forum state. The Court is satisfied that Plaintiffs have alleged that unlawful conduct occurred in Illinois, and thus the second factor is in their favor, as well.

Finally, looking at the third factor, in considering the fairness to defendants, the Seventh Circuit has held that there is no unfairness in having a party defend a suit in a state where it structured its business to "easily serve the state's consumers." *Curry*, 949 F.3d at 402. "There is no unfairness in requiring a defendant to defend a lawsuit in the courts of the state where, through the very activity giving rise to the

suit, it continues to gain so much." *Id.* (quoting *uBID, Inc.*, 623 F.3d at 433). In other words, a defendant may not "have its cake and eat it, too." *Hemi*, 622 F.3d at 760. Specifically, "[i]t may not retain the benefit of a nationwide business model with none of the exposure." *Id.* Given the magnitude of the first two factors in Plaintiffs' favor and the fairness in compelling Norfolk to defend a suit in a forum where it does business, the Court determines that no "compelling case" exists that renders jurisdiction unreasonable. *Purdue*, 338 F.3d at 781 (quoting *Burger King Corp.*, 471 U.S. at 477).

As all three factors weigh in favor of Plaintiffs, the Court determines that it has specific personal jurisdiction over Norfolk.

### III. Transfer

As the Court has determined that it has specific personal jurisdiction over Norfolk, it may not transfer the case pursuant to 28 U.S.C. § 1631. District courts may also transfer a case in accordance with 28 U.S.C. § 1404. While there is currently no motion pending to transfer the case pursuant 28 U.S.C. § 1404, district courts have the power to transfer cases *sua sponte* under the statute. *See In re Ryze Claims Sols., LLC*, 968 F.3d 701, 706 n.5 (7th Cir. 2020). The Court believes that, while personal jurisdiction exists, it is questionable as to whether this district is the proper venue to bring this cause of action. Accordingly, in its own discretion, the Court **ORDERS** Norfolk to provide a supplemental brief on the issue of venue under 28 U.S.C. § 1404 by 5/5/2025. Plaintiffs' response is due 5/19/2025. Norfolk's reply is due 5/29/2025. The Court reserves ruling on the issue of venue at this time.

## CONCLUSION

For the reasons set forth above, Norfolk's Motion to Dismiss (Doc. 7) is **DENIED.**

**IT IS SO ORDERED.**

**DATED: April 21, 2025**

<u>*s/ Stephen P. McGlynn*</u>
**STEPHEN P. McGLYNN**
**U.S. District Judge**
