IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **REBECCA DUNCAN, et al.,** | |
| **Plaintiffs,** | |
| v. | Case No. 25-CV-00101-SPM |
| **NORFOLK SOUTHERN RAILWAY CO.,** | |
| **Defendant.** | |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

This matter comes before the Court for consideration of, on the Court's own motion, whether to transfer this case pursuant to 28 U.S.C. § 1404. Having been fully informed of the issues presented, this Court **TRANSFERS** this case to the Northern District of Ohio.

### RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On January 24, 2025, Plaintiffs, residents of Ohio, filed a six-count Complaint against Defendant Norfolk Southern Railway Co. ("Norfolk"), alleging damages arising from a train derailment that occurred in East Palestine, Ohio, on or about February 3, 2023. (Doc. 1). Plaintiffs allege property damage to their homes in East Palestine arising from the train derailment. (*See id.*). On February 13, 2025, Norfolk filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3), or, in the alternative, to transfer the case pursuant to 28 U.S.C. § 1631, and

a supporting Memorandum. (Docs. 7–8). On March 13, 2025, Plaintiffs filed their Response. (Doc. 12). On March 27, 2025, Norfolk filed its reply. (Doc. 15). The Court heard oral arguments from the parties on April 16, 2025. (Doc. 16).

On April 21, 2025, the Court denied Norfolk's Motion to Dismiss, finding that Plaintiff had established specific personal jurisdiction over Norfolk. (Doc. 17). As the Court found that it had specific personal jurisdiction over Norfolk, it could not rule on Norfolk's alternative Motion to Transfer Pursuant to 28 U.S.C. §1631. Norfolk was instructed by the Court to file a supplemental brief on the issue of transfer under 28 U.S.C. § 1404(a). (*Id.*). Norfolk filed its brief on May 5, 2025. (Doc. 21). Plaintiffs filed a response on May 19, 2025, to which Norfolk replied on May 22, 2025. (Docs. 22–23). The Court heard oral arguments from the parties on June 10, 2025. (*See* Doc. 25).

## APPLICABLE LAW AND LEGAL STANDARDS

28 U.S.C. § 1404(a) states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." This provision codifies the doctrine of *forum non conveniens*, which is, "essentially, a supervening venue provision, permitting displacement of the ordinary rules of venue when, in light of certain conditions, the trial court thinks that jurisdiction ought to be declined." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 429 (2007).

A court may transfer a civil action pursuant to Section 1404(a) when "(1) venue is proper in both the transferor and transferee court; (2) transfer is for the convenience of the parties and witnesses; and (3) transfer is in the interest of justice."

*Esposito v. Airbnb Action, LLC*, 538 F. Supp. 3d 844, 847 (N.D. Ill. 2020). Through this statute, Congress intended to provide district courts discretion to evaluate motions for transfer on a case-by-case consideration of convenience and fairness. *Rsch. Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 977 (7th Cir. 2010). When deciding a motion to transfer under Section 1404(a), a district court "must evaluate both the convenience of the parties and the various public-interest considerations." *In re Ryze Claims Sols., LLC*, 968 F.3d 701, 707–08 (7th Cir. 2020) (quoting *Atl. Marine Constr. Co., Inc. v. U.S. District Court for the Western District of Texas*, 571 U.S. 49, 62 (2013)). The moving party carries the burden of demonstrating, by reference to particular circumstances, that the transferee forum is clearly more convenient. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986).

Importantly, the statute "is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (citation and quotations omitted). Accordingly, a motion to transfer under § 1404(a) requires consideration of several case-specific factors. *Id.*

## ANALYSIS

### I. Venue is Proper in Transferor and Transferee Court

The federal venue statute provides that venue is proper in a "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. §1391(b)(2). The Court has already determined that it has jurisdiction over Norfolk, and neither party argues that venue would be improper in

either the transferee or transferor court. Accordingly, the Court need not analyze this factor in detail and concludes that venue is proper in the Southern District of Illinois as well as the Northern District of Ohio.

## II.    Convenience of the Parties and Witnesses

Regarding the convenience prong, courts typically consider (1) the availability of witnesses; (2) each party's access to and distance from resources in each forum; (3) the location of material events; and (4) the relative ease of access to sources of proof. *Rsch. Automation, Inc.*, 626 F.3d at 978; *Law Bulletin Pub., Co. v. LRP Publ'ns, Inc.*, 992 F. Supp. 1014, 1017 (N.D. Ill. 1998). Additionally, the plaintiff's choice of forum is afforded substantial weight, particularly when it is his home forum. *Ratliff v. Venture Express, Inc.*, 2019 WL 1125820, at *10 (N.D. Ill. Mar. 12, 2019).

Beginning with choice of forum, the plaintiffs chose the Southern District of Illinois as the forum for their suit. However, two considerations reduce the weight of this deference. First, Plaintiffs are residents and property owners in East Palestine, Ohio—the Southern District of Illinois is not their home forum. Courts are split as to whether the fact that the plaintiffs are not residents of the forum defeats deference. *Compare St. Paul Fire & Marine Ins. Co. v. Brother Int'l Corp.*, 2006 WL 1543275, at *2 (N.D. Ill. June 1, 2006) (recognizing no presumption where plaintiff not a resident) *with Goel v. Patni Comput. Sys. Inc.*, 2007 WL 1431873, at *2 (C.D. Ill. May 11, 2007) (considering plaintiff's interest where expense and inconvenience of obtaining counsel elsewhere clear). Given this split, courts have previously determined this factor to be neutral in such a case. *See, e.g., Camy v. Triple-S Propiedad, Inc.*, 2015 WL 3856097,

at *5 (N.D. Ill. 2015) (finding the plaintiff's choice of forum neutral when the plaintiff did not reside in Illinois). This Court adopts the same approach here. Moreover, Plaintiffs' choice is also given less deference when "another forum has a stronger relationship to the dispute." *Rosen v. Spirit Airlines, Inc.*, 152 F. Supp. 3d 1055, 1059 (N.D. Ill. 2015) (citing *Jaramillo v. DineEquity, Inc.*, 664 F. Supp. 2d 908, 914 (N.D. Ill. 2009)). As discussed *infra*, the Northern District of Ohio has a stronger relationship to this suit. Collectively, these two factors reduce the deference given to Plaintiffs' choice of forum, rendering it at most a neutral factor to considered.

Turning to the availability of witnesses, Plaintiffs argue that "numerous witnesses located in the State of Illinois need to be deposed to establish liability." (Doc. 22, p. 3). However, it is worth noting that Plaintiffs do not articulate *how* these witnesses may suffer inconvenience by having to present to the Northern District of Ohio. *See Clark v. McDonald's Corp.*, 2023 WL 2648467, at *8 (S.D. Ill. Mar. 27, 2023). On the other side of the equation, Norfolk identifies multiple Norfolk employees and contractors located in Ohio and Pennsylvania, in addition to a host of possible third-party witnesses, such as emergency first responders, located in Ohio. (*See* Doc. 21, Ex. A). Courts are generally more concerned with potential inconvenience of non-party witnesses, as opposed to parties, employees of parties, or paid experts, because the latter are likely to appear voluntarily. *See Ratliff*, 2019 WL 1125820, at *11. Therefore, not only would there be inconvenience to one of the party's witnesses regardless of where the case is tried, but many non-party witnesses reside in Ohio. Accordingly, the Court determines that this case weighs in favor of transfer.

Moving to the next factor, the parties' access to and distance from resources in each forum weighs against transfer. In appraising this factor, a court should consider the respective residences of each party and their abilities to assume the expenses of litigating in a particular forum. *Allied Van Lines, Inc. v. Aaron Transfer & Storage, Inc.*, 200 F. Supp. 2d 941, 947 (N.D. Ill. 2002). Here, Plaintiffs would have to travel should the case remain in this court, as this district is not their home forum. While the Court determined in its previous order that it had jurisdiction over Norfolk (Doc. 17), in doing so it acknowledged that it did not have general jurisdiction. (*See id.*, pp. 4–5). Norfolk is organized under the laws of the Virginia and is headquartered in Georgia. (*Id.*). Therefore, Norfolk would have to travel regardless of whether the suit was transferred. The Court determines that this factor favors transfer, as in totality it would be most convenient for the parties to try the suit in Ohio.

Next, considering the location of material events, Norfolk argues that this factor favors transfer because the material events occurred in Ohio. (*See* Doc. 21, p. 9). The Court does not entirely agree. While the injuries occurred in Ohio, the alleged conduct by Norfolk in Illinois builds the foundation for this action. When discussing this factor, courts focus on the situs of the faulty conduct, not the situs of the *effects* of that conduct. *Clark*, 2023 WL 2648467, at *9 ("The core of Clark's claims rests on the marketing and product packaging decisions made at McDonald's headquarters in the Northern District."); *Jaramillo*, 664 F. Supp. 2d at 914 (finding that the material events in a consumer fraud class action occurred at the defendant restaurant's headquarters where employees made decisions regarding marketing, selling, and

representing nutritional information of menu items). This case is no different, as Plaintiffs allege that the negligent conduct occurred in this district. Accordingly, this factor counsels against transfer.[1]

Lastly, reviewing the relative ease of access to sources of proof, the Court finds that this factor is neutral. Neither party raises substantial arguments, but Plaintiffs allege that the sources of proof "regarding the failure to identify the defect in the hopper car, the placement of the tank cars in the consist, the use of outdated tank cars to transport vinyl chloride and the makeup change in the consist when it arrived in Decatur, Illinois, all involve Illinois witnesses." (Doc. 22, pp. 5–6). On the flipside, the property critical to the valuation of damages is located in Ohio. (*See* Doc. 21, p. 12). It should be noted, however, that decreasing weight is given to the location of records and evidence in light of technological developments. *Bd. Of Trs., Sheet Metal Workers' Nat'l Pension Fund v. Elite Erectors, Inc.*, 212 F.3d 1031, 1037 (7th Cir. 2000). Accordingly, "the ease of access to the sources of proof, easy air transportation, the rapid transmission of documents and the abundance of law firms with nationwide practices, make it easy for cases to be litigated." *Knightsbridge Mgmt., Inc. T/A Knightsbridge Rest. Grp. v. Zurich Am. Ins. Co.*, 518 F. Supp. 3d 1248, 1256 (S.D. Ill. 2021). Records, investigative reports and any other such documents can easily be

---

[1] However, the Court anticipates that the decision to puncture the tank car to conduct the burn-off will be presented to the jury. While Plaintiffs argued at oral argument that the decision to puncture the car was made by Norfolk in either Georgia or Virginia, the Court believes that the presentation of the issue will invariably include witnesses from Ohio, including, but not limited to, state, county, or municipal officials that may have been involved in the decision to go forward with and/or the execution of the burn-off. While this factor still counsels against transfer, its weight is reduced by the Court's anticipation that a portion of the conduct pertaining to the burn-off will be alleged to have occurred in Ohio.

brought to another judicial district. *See Yow v. Jack Cooper Transp. Co., Inc.*, 2015 WL 6673701, at *7 (S.D. Ill. Oct. 30, 2015). Thus, this portion of the analysis neither weighs in favor nor against transfer.

Weighing all the convenience factors, the Court finds that Norfolk has met its burden to show that the Northern District of Ohio is a clearly more convenient forum to tip the scales in favor of transfer. Of the four factors to be considered, two factors counsel in favor of transfer, one is neutral, and one is only slightly weighs against transfer. Moreover, the deference given to Plaintiffs' choice of forum is reduced by the fact that Ohio has a stronger relationship to this dispute. However, notwithstanding the convenience analysis, a court may grant or deny a transfer request in the interests of justice. *Coffey*, 796 F.2d at 220. Thus, the Court will also analyze the interests of justice prong.

### III. Interests of Justice

In evaluating the interests of justice prong, a court may consider factors including (1) docket congestion and likely speed to trial in the transferor and potential transferee forums; (2) each court's relative familiarity with the relevant law; (3) the respective desirability of resolving controversies in each locale; and (4) the relationship of each community to the controversy. *Rsch. Automation, Inc.*, 626 F.3d at 978. This inquiry may be determinative, meaning transfer (or denial of transfer) may be warranted in the interests of justice even where the convenience of the parties and witnesses points toward a different result. *Id.*

First, while the Seventh Circuit does not rigidly adhere to a first-to-file rule, the Court will evaluate the filing sequence as part of its Section 1404(a) transfer analysis. *Id.* at 980–81. The first-to-file rule "states that when two similar actions are filed before two different federal judges, judicial economy favors a rule that allows only the first-filed case to proceed." *Jaramillo*, 664 F. Supp. 2d at 917. This rule is part of a district court's inherent power to administer its docket to conserve scarce judicial resources and avoid duplicative litigation. *Taylor v. Midland Funding, LLC*, 94 F. Supp. 3d 941, 944 (N.D. Ill. 2015). A court must consider the substance of a claim over the form when determining that a claim is duplicative. *Ridge Gold Standard Liquors, Inc. v. Joseph E. Seagram & Sons, Inc.*, 572 F. Supp. 1210, 1214 (N.D. Ill. 1983).

The Court determines that the claims made in this action are similar to the claims pending in the Northern District of Ohio. Plaintiffs allege that they "opted out of the class action settlement" regarding their claims pending in the Northern District of Ohio. (Doc. 1, ¶ 9). That class action arises from the consolidation of over thirty individual and class action lawsuits filed shortly after the February 3, 2023 derailment. *In re: East Palestine Train Derailment*, No. 4:23-CV-00242-BYP. Given that these claims would have otherwise been consolidated into a singular class action lawsuit due to their common questions of law and fact, it is logical to conclude that this lawsuit is substantially similar to the other opt-out claims filed in the Northern District of Ohio. Those claims were filed over two years ago, meaning that the Northern District of Ohio would take precedence as the optimal venue.

In addition to the inefficiency of having two district courts decide discovery disputes, if either party decides to appeal a decision, two different Circuit courts would be required to decide the same issues for the same parties. *See Jaramillo*, 664 F. Supp. 2d at 915–18; *Qurio Holdings, Inc. v. Comcast Cable Commc'ns., LLC*, 2015 WL 535981, at *4–5 (N.D. Ill. Feb. 9, 2015). This factor weighs heavily in favor of transfer due to the Northern District of Ohio's familiarity with the facts of this case and the need to avoid inconsistent rulings.

Considering the factor of docket congestion and probable trial date, Norfolk provides statistics demonstrating that civil cases in the Northern District of Ohio reach jury trials sooner than in the Southern District of Illinois. (*See* Doc. 21, pp. 15–16). Plaintiffs do not contest these statistics but argue that an examination of the dockets of the opt-out cases reveals that there are currently no trial dates set. (*See* Doc. 22, p. 6). Nonetheless, given that the Ohio actions are substantially further along than this action as well as the extensive discovery that would no doubt be required to litigate this case, it is certainly plausible that the Ohio cases will proceed to trial sooner than the instant case. *See Jaramillo*, 664 F. Supp. 2d at 916–17. Given the unpredictability as to how long it will take each of the relevant cases to be tried, the Court finds that this factor is neutral.

As to each court's familiarity with the relevant law, this factor is not accorded much weight, as both district courts are familiar with and capable of addressing the applicable state law. *See IMM Holdings v. HK Parts, Inc.*, 2020 WL 5642942, at *7 (N.D. Ill. Sept. 22, 2020) (quoting *Atl. Marine Constr. Co. v. U.S. District Court for*

*Western District of Texas*, 571 U.S. 49, 67 (2013) ("[F]ederal judges routinely apply the law of a State other than the State in which they sit."))) (citing *Restoration Hardware, Inc. v. Haynes Furniture Co. Inc.*, 2017 WL 2152438, at *4 (N.D. Ill. May 17, 2017). Norfolk has not provided any exceptional reason as to why this Court would not be able to apply Ohio law where necessary. Thus, this factor weighs against transfer.

As to the relation of the community to the occurrence and the desirability of resolving controversies in their locale, this factor weighs in favor of transfer. While Illinois certainly has an interest in regulating negligent conduct within its borders, this interest is balanced by Ohio's "strong interest in providing its residents with a convenient forum for redressing injuries inflicted by out-of-state-actors." *First Nat. Bank v. El Camino Res., Ltd.*, 447 F. Supp. 2d 902, 914 (N.D. Ill. 2006) (holding that the forum where plaintiffs resided and suffered their injuries was more suitable than the forum where the faulty conduct occurred). As Plaintiffs are Ohio residents and suffered injuries in Ohio, the Court holds that Ohio, not Illinois, has a greater interest in resolving this controversy.

In reviewing the private interest factors, the Court determines that two weigh in favor of transfer, one weighs slightly against transfer, and one is neutral. Moreover, while the Plaintiffs' choice of forum factors into the analysis, the fact that the Plaintiffs reside in Ohio rather than Illinois and the convenience of trying the case in Ohio reduce this deference. Thus, the private interest factors weigh in favor of transfer. In analyzing the public interest factors, the Court similarly determines

that two factors weigh in favor of transfer, one weighs against, and one is neutral. However, part of this analysis entails considering the ramifications of trying related cases in two different districts. Not only is the Northern District of Ohio more familiar with the factual predicate of this case due to the presence of the class action and other opt-out actions in its court, but there is a great risk of judicial inefficiency when two different district judges may resolve factual disputes in a different manner and the resulting appeals will be heard by two different Circuit courts. This factor tips the scales in favor of transfer, as transferring this case to the Northern District of Ohio would eliminate this risk entirely. Therefore, in accordance with the discussion above, this Court holds that this case must be transferred to the U.S. District Court for the Northern District of Ohio.

## Conclusion

**IT IS THEREFORE ORDERED** that this action is **TRANSFERRED** to the United States District Court for the Northern District of Ohio for such further proceedings as that Court may deem appropriate. The Clerk of Court is **DIRECTED** to take all actions necessary to effectuate said transfer.

**IT IS SO ORDERED.**

**DATED:  July 14, 2025**

> *s/ Stephen P. McGlynn*
> **STEPHEN P. McGLYNN**
> **U.S. District Judge**